UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALFRED JOHNSON,

    Plaintiff,

v.  Case No: 2:13-cv-137-FtM-29CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Carol Mirando's Report and Recommendation (Doc. #26) filed on June 9, 2014, recommending that the Decision of the Commissioner be reversed and remanded with instructions to the Commissioner. The Commissioner filed Objections to the Magistrate Judge's Report and Recommendation (Doc. #27) on June 18, 2014, and plaintiff filed a Response (Doc. #28) on June 30, 2014.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

## II.

The Report and Recommendation finds that the Appeals Council erred in denying review and that the ALJ erred in failing to obtain the testimony of a vocational expert at Step Five of the sequential evaluation process. The Commissioner objects, asserting that there was no error by the Appeals Council because the new evidence was not material, and no error by the ALJ because testimony from a vocational expert was unnecessary. After review of the record, the Court overrules the Commissioner's objections, adopts the

Report and Recommendation, reverses, and remands the case to the Commissioner.

### A. Appeals Council's Denial of Review

The record establishes that plaintiff presented evidence of mental impairments to the ALJ.  The ALJ recognized this mental impairment evidence.  (Doc. #16-2, Tr. 15.)  At Step Three, the ALJ evaluated the evidence under the criteria of listings § 12.02 and § 12.04.  (Id., Tr. 16.)  The ALJ found that plaintiff had not satisfied the criteria for these sections, but never considered plaintiff's evidence under § 12.05 (mental retardation), which was raised at the hearing (id., Tr. 36).  After the unfavorable ALJ decision, plaintiff obtained an evaluation from Dr. Nancy T. Spencer, which he submitted to the Appeals Council with a request for review in light of new evidence.  (Id., Tr. 1-4, 6, 9.)  The Appeals Council denied review.

With or without Dr. Spencer's new report, the ALJ erred and Appeals Council erred in denial of review.  The ALJ had sufficient evidence of plaintiff's mental retardation to require his consideration of § 12.05 at Step Three, but the ALJ failed to make any findings about § 12.05.  Further, the new evidence by Dr. Spencer should have been considered by the Appeals Council because such review would have corrected the ALJ's error (failing to make any determination regarding § 12.05) even if the ultimate decision was that plaintiff failed to satisfy § 12.05.

**B.   Exclusive Use of the Grids**

At Step Five, the ALJ found plaintiff had significant non-exertional impairments, and could perform a wide range of light exertional work with minimal non-exertional limitations. (Doc. #16-2, Tr. 19-20.) While the ALJ stated that the non-exertional impairments did not limit his ability to work (Doc. #16-2, Tr. 6), there was no <u>evidence</u> in the record to support that conclusion. The Eleventh Circuit law is clear that a vocational expert was required under these circumstances.

Accordingly, it is now

**ORDERED:**

1.   The Report and Recommendation (Doc. #26) is **accepted and adopted** by the Court.

2.   The Commissioner's Objection (Doc. #27) is **OVERRULED**.

3.   The Decision of the Commissioner of Social Security is **reversed** and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can:  (1) determine whether, in light of all the evidence, plaintiff meets Listing 12.05C of 20 C.F.R., Part 404 P, Appendix 1, and (2) if the evaluation proceeds to Step Five, obtain the services of a vocational expert as to plaintiff's ability to perform other jobs in the national economy given the limitations of his residual functional capacity.

4. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of July, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
U.S. Magistrate Judge

Counsel of Record